## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

### FILED

**DERRICK STEVERSON**  **JUL 1 3 2012**  **PLAINTIFF**

**VS**   *Lou Ellen Adams*   **CAUSE #** *CI12-0147*
FORREST COUNTY CIRCUIT CLERK

**FORREST COUNTY MISSISSIPPI;**   **DEFENDANTS**
**FORREST COUNTY SHERIFF'S DEPARTMENT;**
**FORREST COUNTY SHERIFF BILLY MCGEE;**
**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,**
**COMMISSIONER ALBERT SANTA CRUZ;**
**TROOPER JAMIE ATKINS AND TROOPER CLAY LOFTIN,**
**INDIVIDUALLY, AND IN THEIR PROFESSIONAL CAPACITY AS**
**OFFICERS OF THE MISSISSIPPI HIGHWAY PATROL;**
**DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE,**
**AND DEPUTY RANDALL SMITH, INDIVIDUALLY, AND**
**IN THEIR PROFESSIONAL CAPACITY AS OFFICERS OF**
**THE FORREST COUNTY SHERIFF'S DEPARTMENT;**
**JOHN AND/OR JANE DOES 1-10**

### COMPLAINT

COMES Plaintiff, Derrick Steverson, by and through counsel, and files this Complaint

against the Defendants, Forrest County Mississippi; Forrest County Sheriff's Department;

Forrest County Sheriff Billy McGee; Mississippi Department of Public Safety, Commissioner

Albert Santa Cruz; Trooper Jamie Atkins and Trooper Clay Loftin, individually, and in their

professional capacity as officers of the Mississippi Highway Patrol; Deputy Matt Findley,

Captain Glen Moore, and Deputy Randall Smith, individually, and in their professional capacity

as officers of the Forrest County Sheriff's Department (hereinafter "Defendants"), and states as

follows:

### JURISDICTION AND INTRODUCTION

1.     This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the



EXHIBIT
A

1

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 24 day of Sep, 2012
By: _____ D.C.

Fourth, Eighth, and Fourteenth Amendment to the Constitution of the United States, 42 USC §§ 1983 and arising under the law and statutes of the State of Mississippi.

2.     This Court has jurisdiction because the alleged tortuous acts and omissions of the Defendants were committed in whole or in part in the State of Mississippi.

3.     Venue is proper in Forrest County, Mississippi, pursuant to the Mississippi Tort Claims Act, Section 11-46-13, Mississippi Code of 1972, as amended.

4.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of Fifty Thousand Dollars ($50,000.00).

5.     Plaintiff Derrick Steverson, during all times mentioned in this complaint was a citizen of the United States, and resided in the City of Hattiesburg, State of Mississippi.

6.     At all times relevant herein, Defendants Forrest County Mississippi, Forrest County Sheriff's Department, and Forrest County Sheriff Billy McGee were public entities, organized, or elected under the laws of the State of Mississippi.

7.     At all times relevant herein, Defendants Mississippi Department of Public Safety was a public entity, organized under the laws of the State of Mississippi.

8.     At all times relevant herein, Trooper Jamie Atkins and Trooper Clay Loftin were officers employed by the Defendant Mississippi Department of Public Safety, and are being sued individually and in their official capacities.

9.     At all times relevant herein, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith were employed by the Defendant Forrest County Sheriff's Department and are being sued individually and in their official capacities.

10.    At all times material to this Complaint, Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith acted under the

color of their official capacity and their acts were performed under color of the statutes, customs, ordinances and usage of the State of Mississippi, Mississippi Department of Public Safety, and Forrest County Sheriff's Department.

11.     The Individual Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith were the servants, agents, and employees of their Co-Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department so that their acts are imputed to the Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department.

12.     During all times mentioned here, Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith were acting pursuant to orders and directives from Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department.

13.     Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department provided Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith with official badges and identification cards which designated and described the bearer as law enforcement officers of the Mississippi Highway Patrol or Forrest County Sheriff's Department.  Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department are the entities in whose names the individual Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith performed all acts and omissions described and alleged herein.

14.     During all times mentioned here, the individual Defendants provided Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall

Smith acted under color of law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the State of Mississippi and the County of Forrest and the Defendants, Mississippi Department of Public Safety and Forrest County Sheriff's Department. Defendant Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith engaged in the illegal conduct herein mentioned, deprived Plaintiff of the rights, privileges, and immunities secured to by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States and the laws of the United States.

15.     As a direct and proximate result of the acts and omissions of Defendants, as further described herein, the Plaintiff sustained and suffered physical injury, medical expenses, severe mental anguish, and emotional trauma in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States.

**PATTERN OF ILLEGAL CONDUCT**

16.     The Defendant Forrest County Sheriff's Department and its deputies together with persons unknown to the Plaintiff, acting acting under color of law, have subjected Plaintiff and other citizens to a pattern of conduct consisting of harassment, assault, and excessive force in making an arrest, assault and battery, and unlawful arrest, in denial of rights, privileges, and immunities guaranteed Plaintiff and other citizens by the Constitution of the United States. This systematic pattern of conduct consists of individual acts of excessive force, assault and battery, and humiliation perpetrated on Plaintiff and other citizens by the individual Deputies of the Forrest County Sheriff's Department and other agents, employees and members of the Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department unknown to Plaintiff, acting separately and in concert, under the color of law. These acts of excessive force, assault and battery, and humiliation, while carried out under color of law, have

4

no justification or excuse in law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order. Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carried out by their agents and employees, Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department have taken no steps or efforts to order a halt to this course of conduct, to make redress to the Plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

17.     These acts and omissions as described herein were willful and wanton and were committed in deliberate indifference to and in conscious disregard to Plaintiff's health and safety in violation of his constitutional rights under the United States Constitution.

18.     As a direct and proximate result of the foregoing acts and omissions of Defendants, the Plaintiff sustained and suffered physical injury, medical expenses, severe mental anguish, and emotional trauma with the deprivation of her constitutional and statutory rights guaranteed by the Constitution of the United States.

### FACTUAL BACKGROUND – MARCH 27, 2011 INCIDENT

19.     On or about March 27, 2011, the Plaintiff was driving his vehicle from Hattiesburg, MS to the Mississippi Gulf Coast on Highway 49 southbound.  While driving just south of Hattiesburg, the vehicle burst into flames causing the Plaintiff to drive the vehicle off the road. Plaintiff exited the vehicle for his safety and began walking southbound on Highway 49 in order to get help.

20.     Plaintiff was picked up by a motorist on the side of the highway and transported to a gas station a few miles south of the location where his car was wrecked.  Shortly after arriving at the

gas station, a Forrest County Sherriff's Deputy arrived on the scene and soon thereafter placed the Plaintiff in handcuffs in the back of the Deputy's vehicle. Paramedics arrived on the scene and quickly checked on Plaintiff's condition. Paramedics confirmed that Plaintiff had no injury from the vehicle fire.

21.     Soon thereafter, a Trooper from the Mississippi Highway Patrol arrived at the gas station and issued tickets for DUI and careless driving to Plaintiff. Plaintiff was then transported to the Forrest County Jail in the Trooper's vehicle.

22.     Once at the Forrest County Jail, Plaintiff was dragged into a room to be administered the Breathalyzer test. In that room, a Deputy from the Forrest County Sheriff's Department and the Trooper assaulted the Plaintiff. Plaintiff was hit in the face multiple times and ultimately ended up nearly unconscious on the floor. Prior to the assault, plaintiff had asked to be administered the Breathalyzer test before the assault. After the assault, law enforcement officers in the jail charged Plaintiff with refusal to submit to the Breathalyzer test because Plaintiff was nearly unconscious and could not physically take the test.

23.     Next, Plaintiff was dragged out of the room for the breath test, across the floor by several officers, and into a holding cell. While locked in the holding cell a Deputy of the Forrest County Sheriff's Department sprayed the Plaintiff in his face with jail supplied pepper spray or mace. At no time was Plaintiff acting in a manner which would justify the use of pepper spray or mace on a person behind bars in a holding cell.

24.     Plaintiff ultimately bonded out jail the next day and received treatment at Forrest General Hospital in Hattiesburg, MS. Later, Plaintiff was charged with disorderly conduct in an effort to cover up the actions of the officers in the Forrest County Jail.

25.     The events that occurred on March 27, 2011 were recorded on the camera system which

6

is maintained by the Forrest County Jail.  Upon information and belief, video of the incident has been destroyed and/or not supplied to Plaintiff's counsel for use in the related DUI prosecution.

26.     Plaintiff received facial and arm trauma, a swollen black eye, and trauma to his eyes because of the pepper spraying.  Plaintiff had significant pain afterwards and facial injury which affected his employment situation.  As a result of the actions of the Defendants, the Plaintiff has suffered physical injury, medical expenses, severe mental anguish, and emotional trauma.

27.     The Defendants committed assault and battery and bodily injury on Plaintiff and failed to follow proper police procedures for addressing the situation with Plaintiff.

28.     Notwithstanding his knowledge and awareness, Defendants, were deliberately indifferent to Plaintiff's health and safety and knew of and intentionally disregarded the excessive risk to Plaintiff's health and safety by their acts and omissions described herein.

29.     The acts and omissions of Defendants as described herein were willful and wanton and were committed by these Defendants by deliberate choice in deliberate indifference to and in conscious disregard to the risk of Plaintiff health and safety in violation of his constitutional rights under the United States Constitution.  Defendants' actions were not a good-faith effort to maintain or restore discipline, but rather they were used maliciously and sadistically to hurt the Plaintiff.

30.     As a direct and proximate result of the foregoing acts and omissions of Defendants as described herein, the Plaintiff sustained and suffered physical injury, medical expenses, severe mental anguish, and emotional trauma with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States.

## SUPERVISION, TRAINING, CORRECTION

31.     The failure of Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department and/or other persons unknown to Plaintiff to adequately instruct, train, supervise, control, discipline and correct its police officers, as described herein, was a deliberate choice in deliberate indifference to, and in conscious disregard of, the risk to the health and safety and constitutional rights under the U. S. Constitution of persons such as Plaintiff in the situations described herein.  Further, this failure amounted to an official policy and custom of Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department.

32.     Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith heretofore described.

33.     As a direct and proximate cause of the acts and omissions of the Defendants as described herein, Plaintiff suffered physical injury, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States.

## COUNT I - FEDERAL CLAIMS

34.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-34 of this Complaint as if fully rewritten herein.

35.     This Count I is brought against all Defendants for the deprivation by Defendants under color of Mississippi law, statute, ordinance, regulation, custom and usage of a right, privilege,

8

and immunity secured to Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

36. Defendants' violations of Plaintiff constitutional rights as described herein violate 42 U.S.C. Sections 1983.

37. Defendants' acts and omissions, and each of them, separately and in concert, as described herein, violated Plaintiff rights under the Fourth, Eighth and Fourteenth Amendment of the United States Constitution and directly and proximately caused Plaintiff to sustain physical injury, medical expenses, severe mental anguish, and emotional trauma.

**WHEREFORE,** Plaintiff Derrick Steverson demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus attorney's fees and the costs of this action, together with such other and further relief as the Court deems just and equitable.

### COUNT II - STATE CLAIMS - ASSAULT AND BATTERY

38. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-37 of this Complaint as if fully rewritten herein.

39. This Count II is brought by Plaintiff against all Defendants for the assault and battery committed by the individual Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith as described herein on March 27, 2011 on Plaintiff.

40. As a direct and proximate result of the acts and omissions of Defendants, as described herein, Plaintiff sustained and suffered physical injury, medical expenses, severe mental anguish, and emotional trauma.

9

**WHEREFORE**, Plaintiff Derrick Steverson demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus attorney's fees and the costs of this action, together with such other and further relief as the Court deems just and equitable.

## COUNT III - STATE CLAIMS - UNLAWFUL USE OF EXCESSIVE FORCE

41.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-40 of this Complaint as if fully rewritten herein.

42.    This Count III is brought by Plaintiff against all Defendants for unlawful use of excessive force committed by individual Defendants Trooper Jamie Atkins, Trooper Clay Loftin, Deputy Matt Findley, Captain Glen Moore, and Deputy Randall Smith on March 27, 2011.

43.    Plaintiff did not commit a crime or any act which justified the Defendants' acts and omissions as described herein, but even if he had, the Defendants were not justified in using excessive force. The use of excessive force on Plaintiff was unreasonable and totally without justification.

44.    As a direct and proximate result of the foregoing illegal and willful and wanton acts and omissions of Defendants, Plaintiff suffered physical injury, emotional trauma, medical expenses, and severe mental anguish.

**WHEREFORE**, Plaintiff Derrick Steverson demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus attorney's fees and the costs of this action, together with such other and further relief as the Court deems just and equitable.

## COUNT IV - STATE CLAIMS –
### FAILURE TO ADEQUATELY TRAIN, INSTRUCT, CORRECT, DISCIPLINE, SUPERVISE, AND TRAIN POLICE OFFICERS

45.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-44 of this Complaint as if fully rewritten herein.

46.    This Count IV is brought by Plaintiff against Defendants Mississippi Department of Public Safety and Forrest County Sheriff's Department failure to adequately instruct, correct, discipline, train, supervise and correct individual Defendants herein.

47.    As a direct and proximate result of the foregoing illegal and willful and wanton acts and omissions of the Defendants, Plaintiff suffered physical injury, emotional trauma, medical expenses, and severe mental anguish.

**WHEREFORE,** Plaintiff Derrick Steverson demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus attorney's fees and the costs of this action, together with such other and further relief as the Court deems just and equitable.

## COUNT V - STATE CLAIMS -
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-47 of this Complaint as if fully rewritten herein.

49.    This Count V is brought by Plaintiff against all Defendants for intentional infliction of emotional distress.

50.    As a direct and proximate result of the foregoing illegal and willful and wanton acts and omissions of Defendants, Plaintiff suffered physical injury, emotional trauma, medical expenses, and severe mental anguish.

**WHEREFORE,** Plaintiff Derrick Steverson demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus attorney's fees and the costs of this action, together with such other and further relief as the Court deems just and equitable.

### COUNT VI - STATE CLAIMS -
### SPOLIATION OF EVIDENCE

51.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-50 of this Complaint as if fully rewritten herein.

52.     This Count VI is brought by Plaintiff against all Defendants for intentional destruction of evidence in this case, specifically audio/video of the incident that took place at the Forrest County Jail on March 27, 2011.

53.     As a direct and proximate result of the foregoing illegal and willful and wanton acts and omissions of Defendants, Plaintiff suffered physical injury, emotional trauma, medical expenses, and severe mental anguish.

**WHEREFORE,** Plaintiff Derrick Steverson demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus attorney's fees and the costs of this action, together with such other and further relief as the Court deems just and equitable.

Respectfully submitted, this the ___13ᵗʰ___ day of ___July___, 2012.

DERRICK STEVERSON

By: _____

PETER H. BARRETT (MSB #2069)
WILLIAM C. BARRETT (MSB #103326)

12

P. & W. BARRETT LAWYERS, PLLC
<u>Jackson Office</u>
107 North State Street
Jackson, Mississippi  39201
Phone:  (601) 973-2270
<u>Gulfport Office</u>
2202C 25th Ave, C-3
Gulfport, MS  39501
Phone:  (228) 864-9885
Email:  pbarrett@pandwbarrettlawyers.com (Peter H. Barrett)
Email:  wbarrett@pandwbarrettlawyers.com (William C. Barrett)

## CERTIFICATE OF SERVICE

I, William C. Barrett, do hereby certify that I have this date served, via hand delivery, Facsimile and/or United States mail, postage prepaid, a true and correct copy of the foregoing *Complaint* upon the following:

James K. Dukes Jr.
Dukes, Dukes & Wood
226 West Pine Street
Hattiesburg, MS 39401

Charles Bolton
Forrest County Jail Chief Administrative Officer
316 Forrest St # 2,
Hattiesburg, MS 39401-3453

Santa Cruz
Commissioner of Public Safety
1900 East Woodrow Wilson Drive
Jackson, MS 39216

Sheriff Billy Bob McGee
P.O. Box 747
Hattiesburg, MS  39403

David Miller
Board Attorney
Board of Supervisors of Forest County, MS
P.O. Box 1310
Hattiesburg, MS  39403-1310

Trooper Jamie Atkins
Wherever found

Trooper Clay Loftin
Wherever found

Deputy Matt Findley
Wherever found

Captain Glen Moore
Wherever found

Deputy Randall Smith
Wherever found

This the _____ 13ᵗʰ _____ day of _____ July _____ , 2012.

_____
WILLIAM C. BARRETT

15