IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DERRICK STEVERSON                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO.:2:12-CV00169-KS-MTP

FORREST COUNTY MISSISSIPPI;
FORREST COUNTY SHERIFF'S DEPARTMENT;
FORREST COUNTY SHERIFF BILLY MCGEE;
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
COMMISSIONER ALBERT SANTA CRUZ;
TROOPER JAMIE ATKINS AND TROOPER
CLAY LOFTIN, Individually, and in their Professional
Capacity as Officers of the Mississippi Highway Patrol;
DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE,
AND DEPUTY RANDALL SMITH, Individually and in
their Professional Capacity as Officers of the Forrest County
Sheriff's Department; JOHN AND/OR JANE DOES 1-10                DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OFFICIAL CAPACITY AND STATE LAW CLAIMS**

The Mississippi Department of Public Safety ("MDPS"), Commissioner Albert Santa Cruz ("Santa Cruz"), Trooper Jamie Atkins ("Atkins") and Trooper Clay Loftin ("Loftin"), in their individual and official capacity as officers of the Mississippi Highway Patrol (sometimes collectively referred to as the "State Defendants"), submit this Memorandum of Authorities in Support of Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6).

As set forth below, all official capacity claims against the State Defendants are subject to dismissal in their entirety. Further, all state law claims against the State Defendants should likewise be dismissed. The only claims not subject to this motion to dismiss are those asserted against Atkins and Loftin in their individual capacity which shall be the subject of a subsequent dispositive motion based on qualified immunity.

All claims against the State Defendants, except the individual capacity claims against Atkins and Loftin, should be dismissed for the following four (4) reasons: (1) all of the State Defendants, in their official capacity, are protected from liability by the sovereign immunity guaranteed by the Eleventh Amendment of the United States Constitution to the State of Mississippi, its agencies and state officials acting in their official capacities[1]; (2) the MDPS, Santa Cruz, Loftin and Atkins are not "persons" amenable to suit under 42 U.S.C. § 1983; (3) pursuant to Miss. Code Ann. § 15-1-35, the Plaintiff's state law claims against the State Defendants set forth in Counts II through VI of the Complaint are time-barred; and (4) the Plaintiff's state law claims are barred by Miss. Code Ann. § 11-46-11.

## I.  FACTS AND PROCEDURAL HISTORY

The Plaintiff, Derrick Steverson ("Plaintiff"), filed suit on July 13, 2012 against the State Defendants, and others, alleging violations of his Fourth, Eighth and Fourteenth Amendment rights under the United States Constitution. *See* Notice of Removal [Doc. # 1], Ex. A (hereinafter "Compl."). The Plaintiff seeks recovery for these alleged constitutional violations under 42 U.S.C. § 1983. Compl. ¶ 35-36. The Plaintiff also alleges state law causes of action for assault and battery, excessive use of force, intentional inflection of emotional distress, failure to adequately train, supervise and discipline and for alleged spoilation of evidence. *See* Compl. (Counts II through VI). Process was served on the State Defendants on August 31, 2012. [Doc. # 1]. The State Defendants timely removed this action on September 26, 2012 pursuant to 28 U.S.C. §§1331, 1367, 1441 and 1447. *Id.* The State Defendants filed their Answer and Defenses

---

[1]This motion does not address the individual capacity claims against Loftin and Atkins which will be the subject of a subsequent motion for summary judgment based on qualified immunity.

on September 26, 2012 [Doc. # 5] and filed an Amended Answer and Defenses [Doc. # 6] on October 1, 2012, pursuant to Fed. R. Civ. 15(a)(1)(A). The State Defendants now bring forth their Motion to Dismiss.

The Plaintiff contends that on or about March 27, 2011, while driving his vehicle southbound on Highway 49 south of Hattiesburg, Mississippi, his vehicle "burst into flames causing [him] to drive the vehicle off the road." Compl. ¶ 19. The Plaintiff alleges that he was taken by a motorist to a gas station "a few miles south of the location where his car was wrecked." *Id.* ¶ 20. The Plaintiff alleges that shortly after arriving at the gas station, a Forrest County Sheriff's Deputy arrived on the scene and "soon thereafter placed the Plaintiff in handcuffs in the back of the Deputy's vehicle." *Id.* The Plaintiff states that "a Trooper from the Mississippi Highway Patrol arrived at the gas station and issued tickets for DUI and careless driving to the Plaintiff." *Id.* at ¶ 20. The Plaintiff asserts that he was transported to the Forrest County Jail in the Trooper's vehicle. *Id.* at ¶ 21.

Thereafter, the Plaintiff contends that:

22. Once at the Forrest County Jail, Plaintiff was dragged into a room to be administered the Breathalyzer test. In that room, a Deputy from the Forrest County Sheriff's Department and the Trooper assaulted the Plaintiff. Plaintiff was hit in the face multiple times and ultimately ended up nearly unconscious on the floor. Prior to the assault, plaintiff had asked to be administered the Breathalyser test before the assault. After the assault, law enforcement officers in the jail charged Plaintiff with refusal to submit to the Breathalyzer test because Plaintiff was nearly unconscious and could not physically take the test.

23. Next, Plaintiff was dragged out of the room for the breath test, across the floor by several officers, and into a holding cell. While locked in the holding cell a Deputy of the Forrest County Sheriffs Department sprayed the Plaintiff in his face with jail supplied pepper spray or mace. At no time was Plaintiff acting in a manner which would justify the use of pepper spray or mace on

a person behind bars in a holding cell.

Compl. ¶¶ 21-23.

The Plaintiff alleges he received facial and arm trauma, a swollen black eye, and trauma to his eyes because of the pepper spraying. *Id.* at ¶ 26. He claims that as a result of the actions of the State Defendants, among others, he has suffered physical injury, medical expenses, severe mental anguish, and emotional trauma. *Id.* The Plaintiff asserts his alleged injuries occurred as a result of actions that violated his rights under the United States Constitution. *Id.* at ¶ 30.

The Plaintiff named, among others, the MDPS, Santa Cruz, Atkins and Loftin. Atkins and Loftin are named in both their official and individual capacities. *Id.* ¶¶ 7-8. For the reasons set forth below, the Plaintiff's section 1983 claims against the MDPS and the official capacity claims against Santa Cruz, Atkins and Loftin should be dismissed with prejudice. Furthermore, all state law claims against the State Defendants should also be dismissed with prejudice based on the Plaintiff's failure to comply with the notice requirements of the Mississippi Tort Claims Act ("MTCA") as well as being time-barred under the one (1) year limitation period in the MTCA as well as the one-year statute of limitation for intentional torts in Mississippi.

## II. ARGUMENT

A.  **The Mississippi Department of Public Safety, Commissioner Santa Cruz, Atkins and Loftin, in their official capacity, are not "persons" that can be sued under 42 U.S.C. § 1983.**

As noted above, the Plaintiff is seeking to recover monetary damages from, among others, the State Defendants through section 1983 for alleged violations of his Fourth, Eighth and Fourteenth Amendment rights under the United States Constitution. *See* Compl. ¶ 1. Among the

4

Defendants are the MDPS, Santa Cruz[2], Atkins and Loftin, in their official capacity. *Id.* ¶¶ 7-8. Loftin and Atkins are also named in their individual capacity. *Id.* However, the United States Supreme Court has succinctly held that the State, arms of the State and state officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Thus, the State, its agencies and officials, sued in their official capacity, are not amenable to suit under § 1983 in federal or state court. *Will*, 491 U.S. at 71 (1989). The Department of Public Safety is a public entity organized under the laws of the State of Mississippi. *See* Miss. Code Ann. § 45-1-1, *et seq*. The Mississippi Highway Patrol, likewise, is a public entity created and existing under the laws of the State of Mississippi. *See* Miss. Code Ann. § 45-3-1, *et seq*. The Plaintiff himself recognizes the public nature of the Department of Public Safety. Compl. ¶ 7. Finally, the Plaintiff has named Atkins and Loftin in their official capacity as officers of the Mississippi Highway Patrol. Thus, because the Plaintiff has brought his section 1983 claims against a state agency and its officials in their official capacities, those claims must be dismissed pursuant to the U.S. Supreme Court's holding in *Will*.

---

[2]The only mention of Commissioner Santa Cruz is contained in the caption of the Complaint. *See Compl.* There are no allegations in the Complaint addressed to Santa Cruz. For purposes of this motion, the claims against Commissioner Santa Cruz are being treated as official capacity claims which are subject to dismissal. To the extent that the Plaintiff is somehow seeking to state a claim against Santa Cruz for something other than in his official capacity, any such claim should likewise be dismissed as the Plaintiff has altogether failed to plead or otherwise state a claim against Santa Cruz. Furthermore, the Plaintiff cannot succeed on any claim of vicarious liability or respondent superior against the MDPS or Santa Cruz, because there is no liability under these theories under section 1983. *See Wilson v. Buster*, 433 Fed. Appx. 238 (5th Cir. 2011)(citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)).

### B. The State Defendants are immune from liability under the Eleventh Amendment.

Apart from the Supreme Court's holding in *Will*, the Plaintiff's claims against the State Defendants would remain subject to dismissal even if they were based on federal laws other than section 1983 or state law, due to the immunity guaranteed to the State, its agencies or officials, in their official capacity, by the Eleventh Amendment to the United States Constitution. The basics of Eleventh Amendment jurisprudence are well-settled. Though the Amendment's text purports to exclude from federal courts' jurisdiction only suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Supreme Court decisions have made clear that a State's immunity also encompasses "suits by citizens against their own States." *Bd. of Trustees of the Univ. Of Alabama v. Garrett*, 351 U.S. 356, 363 (2001); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Furthermore, the immunity granted to the State covers a state agency or department and therefore cannot be avoided by suing an arm of the state or a state agency. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). As noted above, the MDPS is an agency of the State of Mississippi and Santa Cruz, Atkins and Loftin have been sued in their capacity as officials of the state.

Though Eleventh Amendment immunity from suit or liability may be abrogated by Congress or waived by the State, neither has occurred in this case. Congress may only abrogate a state's immunity pursuant to its authority under Section 5 of the Fourteenth Amendment. *Early*

*v. Southern Univ. & Agric. & Mech. Coll. Bd. Of Supervisors*, 252 Fed. Appx. 698, 700 (5th Cir. 2007) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Congress has not lawfully abrogated Eleventh Amendment immunity through 42 U.S.C. § 1983.  *Howlett v. Rose*, 496 U.S. 356, 364 (1990); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Hines v. Mississippi Dept. of Corrections*, 2000 WL 1741624 at * 3 (5th Cir. 2000).

In the Fifth Circuit, a State waives its immunity to **suit** under the Eleventh Amendment when it removes a case from state court to federal court, as the State Defendants have done here. *Meyers v. Texas*, 410 F.3d 236, 244 n.7 (5th Cir. 2005).  Although removal waives a State's immunity from **suit**, removal does not waive a State's immunity from *liability*. *Id.* at 252-53.  In *Meyers*, the Fifth Circuit reasoned that the Supreme Court recognizes that "a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately - immunity from suit and immunity from liability." *Id.*

The Fifth Circuit in *Meyers* noted "that a state's sovereign immunity from suit is now and always been inherent within its sovereignty, and that the Eleventh Amendment did not create any new immunity." *Id.* at 251.  Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability.  Rather it provides an immunity from suit." *Id.* at 254 (quoting *Fed. Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 766 (2002)).  After examining the relevant authorities, the *Meyers* Court concluded that

> the Constitution guarantees a state's prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit for purposes of waiver or relinquishment.  For these reasons, we conclude that the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but it does not require a state to do so.

410 F.3d at 225.  *See Lombardo v. Penn. Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3rd Cir.

2008)(holding that voluntary removal by state waived immunity from suit in federal forum but did not waive immunity from liability).

In *Dansby-Giles v. Jackson State Univ.*, 2010 WL 780531 (S.D. Miss. Feb. 28, 2010) (Wingate, J.), the Court applied this application of immunity from liability set out in *Meyers*. In consolidated cases, two professors sued a state university in state court under the Americans with Disabilities Act ("ADA"). *Id.* at *1. The university removed the case and argued that sovereign immunity precluded plaintiffs' ADA claims. *Id* at *1, 3. In response, the plaintiffs' claimed that the university had waived its Eleventh Amendment immunity when it removed the litigation to federal court. *Id.* at 3. After noting that Congress had not abrogated a state's Eleventh Amendment immunity under the ADA, the Court applied the rule set out by the Fifth Circuit in *Meyers*. In doing so, the Court determined that the university had waived its immunity from suit in federal court, but observed that such a waiver "is not, however, conclusive as to whether Jackson State has waived its immunity from liability." *Id.* at 4. The Court quickly concluded that:

> Jackson State's immunity from liability rests upon whether Mississippi has put forth an unequivocal waiver of its immunity with regards to claims under the ADA. Upon review of Mississippi law, this court finds no such waiver and nor have plaintiffs pointed to any such waiver.

*Id.*

Here, the Mississippi Legislature has not waived the State's immunity from liability regarding section 1983. *See Sullivan v. Univ. of Tex. Health Science Ctr. at Houston Dental Branch*, 217 Fed. Appx. 391, 393 (5th Cir. 2007) (*per curiam*) (noting that the unequivocal waiver of immunity discussed in *Meyers* must be contained in statutory text). To the contrary,

the Mississippi Tort Claims Act–the State's only explicit waiver of sovereign immunity–provides that

> [t]he Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions,"...are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity[.]

Miss. Code Ann. § 11-46-3(1).  Moreover, the MTCA provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."  Miss. Code Ann. § 11-46-5(4).

In this case, the Plaintiff has sued the MDPS which is unquestionably an arm of the State for purposes of Eleventh Amendment immunity analysis.  Further, the Plaintiff has sued Santa Cruz, Atkins and Loftin in their capacity as officials of the State of Mississippi.  These State Defendants have not waived their immunity from **liability** for claims brought pursuant to 42 U.S.C. § 1983.  Allowing the Plaintiff's suit to proceed, therefore, would violate well-established principles of sovereign immunity.  This would be true whether the Plaintiff's Complaint were based on federal law or state law.  *See McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 856 (5th Cir. 2009) ("The Eleventh Amendment also bars state law claims in federal court").  Therefore, the Plaintiff's official capacity claims against the State Defendants are barred by the Eleventh Amendment to the United States Constitution.

    **C.**    **Plaintiff's state law claims are time-barred by Miss. Code Ann. § 15-1-35**

In addition to his section 1983 claims, the Plaintiff alleges the following state law claims against the State Defendants:  (1) assault and battery, Compl. ¶ 27; (2) excessive use of force; *id*.

¶¶ 41-44; (3) failure to adequately train, instruct, correct, discipline, supervise and train police officers, *id*. ¶¶ 45-47; intentional infliction of emotion distress, *id*. ¶¶ 48-50 and (5) spoilation of evidence. *Id.* ¶ 51-53.

These state law claims asserted by the Plaintiff all arise from the same set of facts and occurrences which the Plaintiff states took place on or about March 27, 2011. *Id.* ¶¶ 19-30. Mississippi Code Ann. § 15-1-35 (**Limitations applicable to actions for certain torts) states:**

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

*Id.*

The Mississippi Supreme Court has held that the one (1) year statue of limitation set forth in section 15-1-35 applies to an action for an alleged a assault and battery committed by a police officer. *See City of Mound Bayou v. Johnson*, 562 So. 2d 1212 (Miss. 1990). In *Johnson*, an arrestee brought an action against a policy officer and the city for, *inter alia*, assault and battery. *Id.* The Supreme Court, in applying the one (1) year statute of limitation found in section 15-1-35 stated:

> We accept this statute and enforce its hard-edged rule of law and, as well, the public policy expression embedded in it. While the law well recognizes and declares legally enforceable a person's moral right to redress on the occasion of a physical assault, there is an equally strong policy that such claims can and should be asserted promptly. There is no danger of a would-be plaintiff being unaware that his claim has accrued. He will certainly know if he has been beaten. Moreover, cases of this sort frequently involve substantial disputes of fact. Because memories dim or become exaggerated with time, particularly when colored by passion or prejudice, common sense suggests assault and battery actions be brought and tried promptly. In any event, the public policy considerations implicit in Section 15-1-35 apply where the offender is a police officer and the corporation sought to be held is a municipal corporation, as well as in the case of private parties. In today's limited limitations

> context, we see nothing in the action Johnson asserts that suggests he ought have a longer time to sue than one charging a common law assault and battery.

*Id.* at 1217.

The same principles applied by the Court in *Johnson* are squarely applicable to the instant case. The Plaintiff clearly and unequivocally charges that the alleged incident giving rise to his cause of action and his resulting injuries occurred on or about **March 11, 2011**.[3] Compl.¶ 19. The Plaintiff, however, did not file suit against the State Defendants until **July 13, 2012**, more than one (1) year after the alleged cause of action accrued. *Id.* Thus, there is no dispute and based on the Plaintiff's own allegations, his state court causes of action against the State Defendants are time-barred. "When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *See Taylor v. City of Jackson*, 2007 WL 3407681 at *1 (Nov. 15, 2007, S.D. Miss.)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)). Construing the facts in light most favorable to the Plaintiff, his state law causes of action against the State Defendants are time-barred.

Each of the state court causes of action asserted by the Plaintiff against the State Defendants arise from the same event, the alleged assault and battery which he claims took place on March 27, 2011. Under the plain language of Miss. Code Ann. § 15-1-35 and the holding in

---

[3]The State Defendants note that the Plaintiff's section 1983 claim is governed by Mississippi's general three-year statute of limitation in Miss. Code Ann. § 15-1-49. *See Owens v. Okure*, 488 U.S. 235 (1989); *see also Cuvillier v. Sullivan*, 503 F.3d 397, 401-02 (5th Cir. 2007). In those cases, however, the Plaintiffs only sought relief under section 1983 and thus, the state's general statute of limitation for tort actions was found applicable. Unlike *Owens* and *Culliver*, the Plaintiff here, in addition to seeking relief under section 1983, also seeks recovery under state law causes of action which remain subject to the one-year limitation period. *See City of Mound Bayou v. Johnson*, 562 So. 2d 1212 (Miss. 1990).

*Johnson*, the Plaintiff's state law claims against the State Defendants are time-barred and should be dismissed with prejudice.

    **D.**    **Plaintiff's state law claims are barred by Miss. Code Ann. § 11-46-11**

To the extent not otherwise barred by Miss. Code Ann. § 15-1-35[4], the Plaintiff's state law claims are barred by Miss. Code Ann. § 11-46-11 which provides in relevant part that:

> (1)    After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.
>
> \* \* \*
>
> (3)    All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of the notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receive the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives notice of the claim . . . .

Miss. Code Ann. § 11-46-11(1), (3).

The Plaintiff has failed to demonstrate he complied with the notice requirements of Miss. Code Ann. § 11-46-11(1) prior to instituting this suit against the State Defendants. Furthermore,

---

[4] For example, under the holding in *City of Mound Bayou v. Johnson*, *supra*, the Plaintiff's state law claims based on assault and battery, use of excessive force an intentional infliction of emotion distress would clearly be time-barred by Miss. Code Ann. § 15-1-35. To the extent that Plaintiff's claims based on failure to train, supervise and discipline as well as the allegation regarding spoilation of evidence are not the type of intentional torts subject to the one (1) year limitation period in section 15-1-35, those two (2) remaining state law claims are nevertheless time-barred by the one (1) year limitation period found in Miss Code Ann. § 11-46-11(3).

the Plaintiff alleges that the facts giving rise to his state law causes of action occurred on or about March 27, 2011. Compl. ¶ 19.  It is undisputed that the Plaintiff did not file suit against the State Defendants until July 13, 2012, more than one (1) year from the date of the alleged occurrence.  As no notice of claim was filed by the Plaintiff pursuant to section 11-46-11(1), the one (1) year statute of limitation was not tolled as set forth in section 11-46-11(3) and thus, the Plaintiff's state law claims are time-barred by section 11-46-11(3).

### III.  CONCLUSION

For the foregoing reasons, the Mississippi Department of Public Safety, Commissioner Albert Santa Cruz, Troopers Jamie Atkins and Clay Loftin, respectfully request that the Court enter an order granting their motion to dismiss as set forth herein.

THIS the 2nd day of October, 2012.

Respectfully Submitted,

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; COMMISSIONER ALBERT SANTA CRUZ; TROOPER JAMIE ATKINS AND TROOPER CLAY LOFTIN, Individually, and in their Professional Capacity as Officers of the Mississippi Highway Patrol

By:   JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI

By:   /s/ Douglas T. Miracle
DOUGLAS T. MIRACLE, MSB NO. 9648
SPECIAL ASSISTANT ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed electronically with the Clerk of Court and thereby served on the following persons:

Peter H. Barrett, Esq.
William C. Barrett, Esq.
P. & W. Barrett Lawyers, PLLC
107 North State Street
Jackson, MS 39201
pbarrett@pandwbarrettlawyers.com
wbarrett@pandwbarrettlawyers.com

James K. Dukes, Jr., Esq.
Dukes, Dukes & Wood
226 West Pine Street
Hattiesburg, MS 39401
jdukesjr@jdukeslaw.com

THIS, the 2nd day of October, 2012.

By:     /s/ Douglas T. Miracle
DOUGLAS T. MIRACLE, MSB NO. 9648
SPECIAL ASSISTANT ATTORNEY GENERAL