IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DERRICK STEVERSON                                                                                    PLAINTIFF

VS.                                                       CIVIL ACTION NO.:2:12-CV-00169-KS-MTP

FORREST COUNTY MISSISSIPPI;
FORREST COUNTY SHERIFF'S DEPARTMENT;
FORREST COUNTY SHERIFF BILLY MCGEE;
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
COMMISSIONER ALBERT SANTA CRUZ;
TROOPER JAMIE ATKINS AND TROOPER
CLAY LOFTIN, Individually, and in their Professional
Capacity as Officers of the Mississippi Highway Patrol;
DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE,
AND DEPUTY RANDALL SMITH, Individually and in
their Professional Capacity as Officers of the Forrest County
Sheriff's Department; JOHN AND/OR JANE DOES 1-10                                DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTICULAR
PLEADING TO ASSERTION OF QUALIFIED IMMUNITY DEFENSE**

Defendants Jamie Atkins ("Atkins") and Clay Loftin ("Loftin") submit this Memorandum in Support of Motion for Particular Pleading to Assertion of Qualified Immunity Defense pursuant to Fed. R. Civ. P. 7(b) and *Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), and state the following:

The Plaintiff, Derrick Steverson ("Plaintiff"), alleges that on or about March 27, 2011, while driving his vehicle southbound on Highway 49 south of Hattiesburg, Mississippi, his vehicle "burst into flames causing [him] to drive the vehicle off the road." See Notice of Removal [Doc. #1], Ex. A ¶ 19 (hereinafter "Compl."). The Plaintiff alleges he was taken by a motorist to a gas station "a few miles south of the location where his car was wrecked." *Id.* ¶ 20. The Plaintiff states that shortly after arriving at the gas station, a Forrest County Sheriff's Deputy

arrived on the scene and "soon thereafter placed the Plaintiff in handcuffs in the back of the Deputy's vehicle." *Id.* Plaintiff then alleges "a Trooper from the Mississippi Highway Patrol arrived at the gas station and issued tickets for DUI and careless driving to the Plaintiff." *Id.* at ¶ 22. The Plaintiff asserts that he was transported to the Forrest County Jail in the Trooper's vehicle.

> Thereafter, the Plaintiff contends that:
>
> 22. Once at the Forrest County Jail, Plaintiff was dragged into a room to be administered the Breathalyzer test. In that room, a Deputy from the Forrest County Sheriff's Department and the Trooper assaulted the Plaintiff. Plaintiff was hit in the face multiple times and ultimately ended up nearly unconscious on the floor. Prior to the assault, plaintiff had asked to be administered the Breathalyser test before the assault. After the assault, law enforcement officers in the jail charged Plaintiff with refusal to submit to the Breathalyzer test because Plaintiff was nearly unconscious and could not physically take the test.
>
> 23. Next, Plaintiff was dragged out of the room for the breath test, across the floor by several officers, and into a holding cell. While locked in the holding cell a Deputy of the Forrest County Sheriffs Department sprayed the Plaintiff in his face with jail supplied pepper spray or mace. At no time was Plaintiff acting in a manner which would justify the use of pepper spray or mace on a person behind bars in a holding cell.

Compl. ¶¶ 21-23.

The Plaintiff claims that he received facial and arm trauma, a swollen black eye, and trauma to his eyes because of the pepper spraying. He alleges that as a result of the actions of the Defendants, he has suffered physical injury, medical expenses, sever mental anguish, and emotional trauma. *Id.* at ¶ 26. Further, the Plaintiff claims that the alleged injuries he received were the result of actions that violated rights under the United States Constitution. *Id.* at ¶ 30.

The Plaintiff sued Atkins and Loftin in their individual capacity pursuant to 42 U.S.C. §

1983 for injuries he allegedly sustained on March 27, 2011.[1]  However, the Plaintiff makes no specific factual allegations against either Atkins or Loftin.   Atkins and Loftin have asserted qualified immunity as a defense to the claims asserted against them in their individual capacity. *See* [Doc. #'s 5 and 6].

Under the Fifth Circuit's decision in *Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), a Plaintiff asserting a claim against public officials in their individual capacity must be stated with particularity.  *Shultea*, 47 F.3d at 1430.  "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the officials motion or on its own, require the plaintiff to reply to that defense in detail.  By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations."  *Id.* at 1433.

Here, Plaintiff has sued Atkins and Loftin in their individual capacity for injuries he allegedly sustained while in police custody on the date in question.  However, the Plaintiff makes no specific allegations in the Complaint regarding the alleged wrongful actions of either Atkins or Loftin.  Under *Shultea*, the Plaintiff's claims against Atkins and Loftin must be stated with particularity.  They are not.

The Complaint fails to even identify Atkins or Loftin by name regarding the alleged factual allegations much less state with any particularity the specific conduct for which they are being accused.  This vague pleading does not satisfy the requirements of *Shultea* in the face of a

---

[1]Plaintiff also sued Atkins and Loftin in their official capacity as officers of the Mississippi Highway Patrol.  Defendants Atkins and Loftin have filed a separate motion to dismiss those official capacity claims based on Eleventh Amendment immunity and the definition of a "person" under 42 U.S.C. § 1983.  This motion only addresses the defense of qualified immunity raised by Defendants Atkins and Loftin in their Amended Answer and Defenses.

qualified immunity defense.

For these reasons, Defendants Atkins and Loftin respectfully request that the Court enter an order requiring the Plaintiff to meet the pleading requirements set forth in *Shultea*.

THIS the 3rd day of October, 2012.

                        Respectfully Submitted,

                        MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; COMMISSIONER ALBERT SANTA CRUZ; TROOPER JAMIE ATKINS AND TROOPER CLAY LOFTIN, Individually, and in their Professional Capacity as Officers of the Mississippi Highway Patrol

By:    JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI

By:    /s/ Douglas T. Miracle
          DOUGLAS T. MIRACLE, MSB NO. 9648
          SPECIAL ASSISTANT ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed electronically with the Clerk of Court and thereby served on the following persons:

Peter H. Barrett, Esq.
William C. Barrett, Esq.
P. & W. Barrett Lawyers, PLLC
107 North State Street
Jackson, MS 39201
pbarrett@pandwbarrettlawyers.com
wbarrett@pandwbarrettlawyers.com

James K. Dukes, Jr., Esq.
Dukes, Dukes & Wood
226 West Pine Street
Hattiesburg, MS 39401
dukesjr@jdukeslaw.com

THIS, the 3rd day of October, 2012.

                              By:      /s/ Douglas T. Miracle
                                        DOUGLAS T. MIRACLE, MSB NO. 9648
                                        SPECIAL ASSISTANT ATTORNEY GENERAL