IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DERRICK STEVERSON**                                                                                          **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:12cv169-KS-MTP**

**FORREST COUNTY, MISSISSIPPI;
FORREST COUNTY SHERIFF'S DEPARTMENT;
FORREST COUNTY SHERIFF BILLY MCGEE;
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
COMMISSIONER ALBERT SANTA CRUZ;
TROOPER JAMIE ATKINS AND TROOPER CLAY
LOFTIN, INDIVIDUALLY, AND IN THEIR PROFESSIONAL
CAPACITY AS OFFICERS OF THE MISSISSIPPI HIGHWAY
PATROL; DEPUTY MATT FINDLEY, CAPTAIN GLEN
MOORE, AND DEPUTY RANDALL SMITH, INDIVIDUALLY,
AND IN THEIR PROFESSIONAL CAPACITY AS OFFICERS
OF THE FORREST COUNTY SHERIFF'S DEPARTMENT;
JOHN AND/OR JANE DOES 1-10**                                                                      **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Official Capacity and State Law Claims [7] of the Defendants the Mississippi Department of Public Safety ("MDPS"), Commissioner Albert Santa Cruz, Trooper Jamie Atkins and Trooper Clay Loftin; the Motion for Particular Pleading to Assertion of Qualified Immunity Defense [12] of Trooper Atkins and Trooper Loftin; the Motion to Dismiss Official Capacity and State Law Claims [18] of the Defendants Forrest County, Mississippi, the Forrest County Sheriff's Department, Forrest County Sheriff Billy McGee, Deputy Matt Findley, Captain Glen Moore and Deputy Randall Smith; the Motion for Particular Pleading to Assertion of Qualified Immunity Defense [20] of Deputy Findley, Captain Moore and Deputy Smith; and Plaintiff Derrick Steverson's Motion to Dismiss [23]. Having considered the parties' submissions, the record and the applicable law, the Court finds that:

1) Plaintiff's Motion to Dismiss [23] should be granted;

2) the Motion to Dismiss Official Capacity and State Law Claims [7] should be denied as moot;

3) the Motion to Dismiss Official Capacity and State Law Claims [18] should be denied;

4) the Motion for Particular Pleading to Assertion of Qualified Immunity Defense [12] should be denied; and

5) the Motion for Particular Pleading to Assertion of Qualified Immunity Defense [20] should be denied.

## **BACKGROUND**

On July 13, 2012, Plaintiff Derrick Steverson filed suit in the Circuit Court of Forrest County, Mississippi against Forrest County, the Forrest County Sheriff's Department, Sheriff McGee, the MDPS, Commissioner Santa Cruz, Trooper Atkins (individually and in his official capacity), Trooper Loftin (same), Deputy Findley (same), Captain Moore (same) and Deputy Smith (same). (*See* Compl. [1-2].) The Complaint asserts federal and state law claims arising from Steverson's interaction with several law enforcement officers following his arrest for driving under the influence ("DUI") and careless driving on or about March 27, 2011. Steverson alleges that on March 27, he was forced to pull his vehicle off the road (Highway 49 South) after it burst into flames on his way to the Mississippi Gulf Coast from Hattiesburg. A motorist picked Steverson up and brought him to a gas station a few miles down the road after he started walking south in order to get help. Shortly thereafter, a Forrest County Sheriff's Deputy arrived at the gas station, handcuffed Steverson and placed him in the back of a squad car. A

Trooper from the Mississippi Highway Patrol subsequently arrived on the scene and cited Steverson for DUI and careless driving. Steverson was then brought to the Forrest County Jail in the Trooper's vehicle. Steverson alleges that the Trooper and a Sheriff's Deputy assaulted him at the Jail by hitting him in the face multiple times. Steverson further contends that a Sheriff's Deputy sprayed him with pepper spray or mace while he was locked in a holding cell and that at no time was he acting in a manner that justified such a measure. Purportedly, the preceding events were recorded on a camera system at the Jail, but video of the incident has been destroyed and/or withheld from Steverson's counsel in the related DUI prosecution. Steverson allegedly suffered physical injuries, severe mental anguish and emotional trauma, and incurred medical expenses as a result of the subject incident.

Count one of Steverson's Complaint alleges violations of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution pursuant to Title 42 U.S.C. § 1983. The Complaint also asserts the following state law claims: assault and battery; unlawful use of excessive force; failure to adequately instruct, correct, discipline, train, supervise and correct; intentional infliction of emotional distress; and spoliation of evidence, video of the March 27, 2011 incident at the Forrest County Jail.

On September 27, 2012, the MDPS, Commissioner Santa Cruz, Trooper Atkins and Trooper Loftin (collectively referred to as the "State Defendants") removed the proceeding to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. (*See* Notice of Removal [1].) Also on September 27, Forrest County, the Forrest County Sheriff's Department, Sheriff McGee, Deputy Findley, Captain Moore and Deputy Smith (collectively referred to as the

"County Defendants") filed their Joinder of Defendants in Notice of Removal [2]. The Court is satisfied that federal jurisdiction exists over this cause and is ready to rule on the parties' pending motions.

## DISCUSSION

***The State Defendants' Motion to Dismiss Official Capacity and State Law Claims [7] and Plaintiff's Motion to Dismiss [23]***

The State Defendants have moved for the dismissal of all of Steverson's claims, except for the individual capacity claims against Trooper Atkins and Trooper Loftin, on the following grounds:

> (1) all of the State Defendants, in their official capacity, are protected from liability by the sovereign immunity guaranteed by the Eleventh Amendment of the United States Constitution to the State of Mississippi, its agencies and state officials acting in their official capacities; (2) the MDPS, Santa Cruz, Loftin and Atkins are not "persons" amenable to suit under 42 U.S.C. § 1983; (3) pursuant to Miss. Code Ann. § 15-1-35, the Plaintiff's state law claims against the State Defendants set forth in Counts II through VI of the Complaint are time-barred; and (4) the Plaintiff's state law claims are barred by Miss. Code Ann. § 11-46-11.

(Mot. to Dismiss [7] at ¶ 2.) Steverson has moved for the dismissal without prejudice of all of his claims against the State Defendants except for his claims against Trooper Loftin in his individual capacity brought under 42 U.S.C. § 1983. (*See* Mot. to Dismiss [23] at ¶¶ 1-4.) Steverson's dismissal motion was filed subsequent to the State Defendants' request for dismissal. No Defendant has responded in opposition to Steverson's Motion to Dismiss [23].

Based on the foregoing, the Court will grant Steverson's dismissal request. All claims against the State Defendants, except for the individual capacity claims against Trooper Loftin, will be dismissed without prejudice. The State Defendants' dismissal

-4-

motion will be denied as moot in light of the ruling on Steverson's Motion to Dismiss [23].

### *The County Defendants' Motion to Dismiss Official Capacity and State Law Claims [18]*

The County Defendants' request for dismissal is hardly a model of consistency or clarity. The motion asserts that there are four reasons why all claims against the County Defendants, except for the individual capacity claims against Deputy Findley, Captain Moore and Deputy Smith, should be dismissed. However, only one reason–sovereign immunity–is listed in support of dismissal. (*See* Mot. to Dismiss [18] at ¶ 2.) Further, the supporting Memorandum of Authorities [19] uses argument headings that are not expounded upon, or supported by the briefing that follows. It is clear, however, that the County Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the Court will initially set forth the applicable standard of review. Next, the Court will address the County Defendants' stated bases for dismissal. Any remaining arguments not specifically addressed herein have been considered and fail to alter the outcome of the Court's ruling on this motion.

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*,

624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted). Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)), *cert. denied*, 133 S. Ct. 192 (2012).

    1.    The County Defendants are protected from liability by the sovereign immunity guaranteed by the Eleventh Amendment of the United States Constitution to the State of Mississippi, its agencies and state officials <u>acting in their official capacities</u>.

This argument is without merit. Only States and state actors are immunized from suits under federal law. *See N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193, 126 S. Ct. 1689, 164 L. Ed. 2d 367 (2006) (citing *Alden v. Maine*, 527 U.S. 706, 740, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). Accordingly, the United States Supreme "Court has repeatedly refused to extend sovereign immunity to counties." *Id.* (numerous citations omitted); *see also Black v. N. Panola Sch. Dist.*, 461

F.3d 584, 596 (5th Cir. 2006) ("[L]esser governmental entities such as counties and municipalities are not considered arms of the state for purposes of Eleventh Amendment immunity.") (citations omitted). Forrest **County**, the Forrest **County** Sheriff's Department and the Sheriff of Forrest **County** are not guaranteed immunity by the Eleventh Amendment pursuant to this controlling precedent. Deputy Findley, Captain Moore and Deputy Smith, all employees of the Forrest **County** Sheriff's Department,[1] are also not afforded immunity under the Eleventh Amendment.

A suit against a local governmental entity may be barred if it is considered an "arm of the state" pursuant to the six (6) factors identified by the Fifth Circuit in *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). However, the County Defendants do not refer to themselves as arms of the State of Mississippi or make any reference to the six *Delahoussaye* factors. Therefore, the Court rejects the County Defendants' request for dismissal based on the Eleventh Amendment.

2. The County Defendants are protected from liability by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. §§ 11-46-1 to -23.

The County Defendants cite various provisions of the MTCA, but fail to show that dismissal is required under the provisions or that the provisions are applicable to the specific facts of this case. First, Forrest County and the Forrest County Sheriff's Department assert that they are entitled to immunity since they both meet the definition of a "political subdivision" under the MTCA. *See* Miss. Code Ann. § 11-46-1(i). Political subdivisions are not immunized from all suits under the MTCA. In fact, the MTCA specifically waives immunity from suits for money damages arising out of the torts of

---

[1] (*See* Compl. [1-2] at ¶ 9; Answer [3] at ¶ IX.)

political subdivisions and the torts of their employees acting within the course and scope of their employment. *See* Miss. Code Ann. § 11-46-5(1).

Second, all of the County Defendants apparently contend that they are immune from liability in their official capacities pursuant to the liability exemptions provided under section 11-46-9(1)(a)-(e) of the Mississippi Code. In support of this dismissal request, the County Defendants quote the exemptions from liability listed under the aforementioned statute and the definition of "employee" under section 11-46-1(f). However, no reasoning or analysis is presented as to how or why the facts presented in this action justify dismissal under these various exemptions. This Court's task is not to construct arguments, identify relevant facts or supply legal reasoning on behalf of a moving party. Thus, the Court declines to grant the County Defendants' conclusory and unsupported request for the dismissal of claims under the MTCA.

3. The County Defendants, in their official capacities, are not "persons" that can be sued under 42 U.S.C. § 1983.

The Court disagrees. "Counties and county officials like those . . . [before this Court] are considered to be 'persons' under § 1983, whereas the state and arms of the state are not." *Myers v. Miss. Office of Capital Post-Conviction Counsel*, 720 F. Supp. 2d 773, 779 (S.D. Miss. 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also Hampton Co. Nat'l Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) ("A 'municipality,' which in this jurisprudence includes other local governmental units *such as a county*, is a 'person.'") (emphasis added; citation omitted). Clearly, the County Defendants are not

entitled to dismissal on this ground.

        4.      Plaintiff has failed to plead adequately municipal liability under 42 U.S.C. § 1983.

This basis for dismissal is also rejected. "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). A governmental entity cannot be held liable on a *respondeat superior* theory of recovery under § 1983. *Monell*, 436 U.S. at 691. When the defendant is a municipality or other form of local government, the alleged deprivation of rights must be connected to an official custom, policy, practice, ordinance or regulation. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (citing *Monell*, 436 U.S. at 690-91). A claim of municipal liability requires proof of the following three elements: "[1] a policymaker; [2] an official policy; and [3] a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

The County Defendants challenge the adequacy of Plaintiff's pleading with respect to the second and third required elements of municipal liability against Forrest County and the Forrest County Sheriff's Department. As to the second element, official policy is usually evidenced by promulgated policy statements, regulations or ordinances. *See Piotrowski*, 237 F.3d at 579. However, a cognizable policy for purposes of § 1983 may also be evidenced by custom: "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal

policy." *Id.* The Complaint posits, *inter alia*, that the Forrest County Sheriff's Department and its deputies have engaged in a "systematic pattern of conduct consist[ing] of individual acts of excessive force, assault and battery, and humiliation perpetrated on Plaintiff and other citizens . . . ." (Compl. [1-2] at ¶ 16.)

As to the third element of municipal liability, the Complaint's allegations regarding Plaintiff's interactions with law enforcement officers at the Forrest County Jail lend plausibility to the inference that he was subjected to excessive force in violation of the Fourth or Fourteenth Amendment. (*See* Compl. [1-2] ¶¶ at 22-23.) Municipal liability for this violation may attach if Plaintiff shows "objective deliberate indifference" on the part of the governmental entity. *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (citations omitted). Under this standard, "[k]nowledge [actual or constructive] on the part of a policymaker that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability . . . ." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). Plaintiff must also show that the policy or custom was the moving force behind the violation, i.e., "there must be a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 580. The Complaint alleges that the Forrest County Sheriff's Department knew or should have known of the aforementioned custom or pattern of conduct and made no effort to stop it; and, that such acts or omissions directly and proximately caused the Plaintiff to sustain physical injury resulting in a deprivation of constitutional and statutory rights. (*See* Compl. [1-2] at ¶¶ 16-18.) Construing "the complaint in the light most favorable to the plaintiff and draw[ing] all reasonable inferences in the plaintiff's favor", the Court finds that Steverson has pled a plausible case of municipal

liability.  *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (citations omitted).[2]

In sum, the County Defendants have failed to show that Rule 12(b)(6) requires dismissal of any of Plaintiff's claims.

### *Trooper Loftin's Motion for Particular Pleading to Assertion of Qualified Immunity Defense [12][3] and Deputy Findley, Captain Moore and Deputy Smith's Motion for Particular Pleading to Assertion of Qualified Immunity Defense [20]*

All Defendants sued in their individual capacities have asserted the defense of qualified immunity.  These Defendants contend that the Complaint lacks specificity with respect to their alleged wrongdoing and that their assertion of qualified immunity requires the Plaintiff to submit a reply under the Fifth Circuit's decision in *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).  The following section of *Schultea* is pertinent to this request for relief:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail.  By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.  A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

47 F.3d at 1433.  Further, Federal Rule of Civil Procedure 7 authorizes a pleading in the form of a reply to an answer "if the court orders one".  Fed. R. Civ. P. 7(a)(7).

The Court finds that the Complaint adequately details the wrongdoing underlying Plaintiff's claims (law enforcement officers striking him in the face multiple times and

---

[2] Of course, this claim will fail at that summary judgment stage or at trial if Steverson is unable to present any evidence in support of his allegations.

[3] Trooper Atkins is also a party to this motion.  However, there is no need to address specifically his request for relief given the Court's ruling on the Plaintiff's Motion to Dismiss [23].

using pepper spray on him without justification),[4] but falls short in particularity by failing to identify specifically the Defendants involved in the alleged tortious conduct. *Cf. Johnson v. Tex. Dep't of Criminal Justice*, No. 5:11CV171, 2012 WL 1066507, at *5 (E.D. Tex. Mar. 5, 2012) (ordering the plaintiff to file a Rule 7(a) reply where her complaint grouped together all "Defendants" and a determination could not be made as to which claims specifically applied to each individual defendant). Yet, in response to the subject motions, Plaintiff Steverson has provided that "[Trooper] Loftin, [Deputy] Smith, [Captain] Moore, and [Deputy] Findley took part in the assault of the Plaintiff in various locations at the jail." (Resp. [25] at p. 3.) This response and the Complaint, viewed in the aggregate, are sufficiently tailored to meet the individual Defendants' conclusory and non-particularized assertions of qualified immunity. Therefore, a *Schultea* reply is unnecessary and the subject motions will be denied. *Cf. Teames v. Henry*, No. 3:03CV1236, 2004 WL 357961, at *5 (N.D. Tex. Feb. 26, 2004) (denying the defendants' request for a *Schultea* reply because, *inter alia*, the plaintiff's response to a motion for judgment on the pleadings provided greater detail on the issue of qualified immunity).

## **CONCLUSION**

For the foregoing reasons,

IT IS ORDERED AND ADJUDGED that the Plaintiff's Motion to Dismiss [23] is granted. Defendants the Mississippi Department of Public Safety, Commissioner Albert Santa Cruz and Trooper Jamie Atkins are dismissed from this cause without prejudice.

---

[4] (*See* Compl. [1-2] at ¶¶ 22-23.)

All state law and official capacity claims against Trooper Clay Loftin are dismissed without prejudice. Plaintiff's claims against Trooper Loftin in his individual capacity under 42 U.S.C. § 1983 remain pending.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss Official Capacity and State Law Claims [7] is denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss Official Capacity and State Law Claims [18] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Particular Pleading to Assertion of Qualified Immunity Defense [12] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Particular Pleading to Assertion of Qualified Immunity Defense [20] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the parties are to contact the chambers of the United States Magistrate Judge Michael T. Parker within seven (7) days of the entry of this Order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 13th day of June, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE