**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DERRICK STEVERSON**                                                                                            **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION  NO. 2:12cv00169-KS-MTP**

**FORREST COUNTY, MISSISSIPPI;**                                       **DEFENDANTS**
**FORREST COUNTY SHERIFF'S DEPARTMENT;**
**FORREST COUNTY SHERIFF BILLY MCGEE;**
**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;**
**COMMISSIONER ALBERT SANTA CRUZ;**
**TROOPER JAMIE ATKINS AND TROOPER CLAY**
**LOFTIN; INDIVIDUALLY, AND IN THEIR PROFESSIONAL**
**CAPACITY AS OFFICERS OF THE MISSISSIPPI HIGHWAY**
**PATROL; DEPUTY MATT FINDLEY, CAPTAIN GLEN**
**MOORE, AND DEPUTY RANDALL SMITH, INDIVIDUALLY**
**AND IN THEIR PROFESSIONAL CAPACITY AS OFFICERS**
**OF THE FORREST COUNTY SHERIFF'S DEPARTMENT;**
**JOHN AND/OR JANE DOES 1-10**

### AMENDED ANSWER AND DEFENSES TO COMPLAINT

COME NOW the Defendants, **FORREST COUNTY MISSISSIPPI, FORREST**

**COUNTY SHERIFF'S DEPARTMENT, FORREST COUNTY SHERIFF BILLY**

**MCGEE, DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE, AND DEPUTY**

**RANDALL SMITH INDIVIDUALLY AND IN THEIR PROFESSIONAL CAPACITY AS**

**OFFICERS OF THE FORREST COUNTY SHERIFF'S DEPARTMENT,**  by and through

counsel of record and for amended answer to the complaint filed by the Plaintiff  would say unto

the Court the following, to-wit:

### FIRST DEFENSE

Page 1 of  26

The Complaint filed herein fails to state a claim upon which relief may be granted and therefore should be dismissed with prejudice.

## SECOND DEFENSE

Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to those set forth in Rules 8(c), 12(b), and 19 of the Mississippi Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, and/or common law, for which a good-faith legal and/or factual basis exists in its favor. The Plaintiff's state law claims are barred by a failure to comply with the notice and other provisions of the Mississippi Tort Claims Act.

## THIRD DEFENSE

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

## FOURTH DEFENSE

Defendants hereby specifically and affirmatively assert and invoke all defenses available to them as set forth in Miss. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist on their behalf or in their favor. Defendants reserve the right to further supplement these preliminary defenses via separate motion.

## FIFTH DEFENSE

Defendants hereby affirmatively assert all substantive and procedural defenses available to them for which a good faith legal and/or factual basis exists or may exist in their favor as set

forth in Miss. Code Ann. §11-46-1 et seq., specifically including Miss. Code Ann.§11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-17.  Included in these defenses are Defendants' right to a non-jury trial by the Court on all issues, which is hereby prayed for.  To the extent that Plaintiff's Complaint or any subsequently filed pleading, may seek a trial by jury, Defendants move the Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statues.

### SIXTH DEFENSE

Defendants possess and are entitled to immunity herein from suit and/or liability and/or damages, including as proper, whether sovereign immunity, qualified immunity, or public official(s)' immunity and/or absolute immunity/judicial immunity, and/or individual immunity, state common law immunity, immunity under the Mississippi Tort Claims Act, and absolute immunity under state law.

### SEVENTH DEFENSE

Defendants hereby specifically plead that if the allegations of the Complaint are true, Plaintiff is or may be guilty of either contributory fault or affirmative conduct in connection with the events about which he complains.  To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omission of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

### EIGHTH DEFENSE

Plaintiff's alleged damages, if any, are the sole proximate result of actions or omissions of a person or persons or an entity or entities other than the Defendants, and Plaintiff's claims for

damages are barred in their entirety as to the Defendants, or are subject as appropriate to apportionment under statute, inclusive of Miss. Code Ann. §85-5-7.

## NINTH DEFENSE

Defendants are entitled to either (1) sovereign immunity (2) qualified immunity, and (3) individual immunity, or both.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim for relief against the Defendants for punitive damages upon which any relief can be granted and therefore, Plaintiff's claim for punitive damages should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

## ELEVENTH DEFENSE

The Defendants invoke the provisions of  Miss. R. Civ. P. 8(c)  and any other defense which constitutes a good faith avoidance or affirmative defense to the claims asserted against them.

## TWELFTH DEFENSE

The acts of Plaintiff  in failing to use reasonable care for his own safety constituted the sole proximate cause of the accident and resulting injuries he sustained.  Therefore, the Defendants plead Miss. Code Ann. §11-7-15 in support of their claim of comparative negligence.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover to the extent that any damages were caused by the failure of Plaintiff to mitigate damages.

## FOURTEENTH DEFENSE

Although cognizant of Miss. Code Ann. §11-1-65, the Defendants aver that no legislation

has been enacted specifically authorizing punitive damages in a civil action such as this or placing any reasonable amount of punitive damages awardable.  The imposition of punitive damages in this action would violate Amendments IV, V, VI, VII, VIII, and XIV of the Constitution of the United State of America, and Article 3, §§ 14, 26, and 28 of the Constitution of the State of Mississippi and assess a fine, criminal penalty, and deprivation of equal protection, property, and due process.

## FIFTEENTH DEFENSE

Defendants are entitled to set-off and credit for any and all sums paid to or on behalf of Plaintiff by any other party or collateral source.

## SIXTEENTH DEFENSE

Plaintiff's  Complaint fails to join all indispensable and necessary parties and should therefore be dismissed.

## SEVENTEENTH DEFENSE

Defendants affirmatively plead the benefits of the doctrine of comparative fault as defined by Mississippi statutes and case precedent and demands the right to have any fault apportioned between all responsible parties, whether named or unnamed.

## EIGHTEENTH DEFENSE

Defendants reserve the right to amend their Answer and Defenses and assert any additional defenses that may be applicable to Plaintiff's claims and that may become evident during discovery in this matter.

## NINETEENTH DEFENSE

Defendants affirmatively plead the tenets of the Mississippi Litigation Accountability

Act, Miss. Code Ann. §§ 11-55-1, *et seq.*, and respectfully request the Court, should this suit be found to be in violation of that Act, award attorneys' fees, expenses, and costs to Defendants.

## TWENTIETH DEFENSE

To the Extent Plaintiff claims he suffers any symptoms of mental and/or emotional distress, injury, or any other non-pecuniary losses, they are the result of pre-existing psychological disorders and/or alternative concurring causes, and not the result of any act or omission by these Defendants.

## TWENTY FIRST DEFENSE

The official capacity claims against these Defendants do not subject them to personal liability.

## TWENTY SECOND DEFENSE

There is no respondent superior liability under 42 U.S.C. §1983.

## TWENTY THIRD DEFENSE

The Defendants herein did not have a custom or policy for which they may be held liable.

## TWENTY FOURTH DEFENSE

The Defendants at all relevant times, acted in good faith and had reasonable grounds for believing that any act or omission was not a violation of the law and/or the Plaintiff's alleged constitutional rights.

## TWENTY FIFTH DEFENSE

The Defendants invoke the Heck defense that if there is no favorable termination of a criminal conviction or reversal of a case, a plaintiff cannot bring a 42 U.S.C. §1983 claim because the civil case would be inconsistent with the criminal case. Heck stands for the

proposition that if you are convicted of the underlying criminal offense, then there is probable cause for the arrest and absent a reversal of the conviction, it would be inconsistent to allow a civil case to go forward in light of the criminal conviction. <u>Heck v. Humphrey</u>, 512 U.S. 477(1994).

## ANSWER TO AMENDED COMPLAINT

The answering Defendants cannot answer for Defendants John and/or Jane Does 1-10, without knowledge of their identity and therefore would deny any and all allegations and assertions against them without assuming representation of said parties in so doing.

Now answering the specific allegations of the Complaint paragraph by paragraph, the answering Defendants **FORREST COUNTY MISSISSIPPI, FORREST COUNTY SHERIFF'S DEPARTMENT, FORREST COUNTY SHERIFF BILLY MCGEE, DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE, AND DEPUTY RANDALL SMITH INDIVIDUALLY AND IN THEIR PROFESSIONAL CAPACITY AS OFFICERS OF THE FORREST COUNTY SHERIFF'S DEPARTMENT** state the following, to-wit:

## JURISDICTION AND INTRODUCTION

### I.

The Defendants deny the allegations and averments of paragraph 1. of the Complaint filed herein and demands strict proof thereof.

### II.

The Defendants deny the allegations and averments in paragraph 2. of the Complaint filed herein and demands strict proof thereof.

### III.

The Defendants admit paragraph 3. of the Complaint filed herein.

IV.

The Defendants deny the allegations and averments in paragraph 4. of the Complaint filed herein and demands strict proof thereof.

V.

The Defendants are without sufficient information to either admit or deny any and all allegations and averments in paragraph 5. of the Complaint filed herein therefore any and all allegations and averments therein are denied.

VI.

The Defendants admit that Forrest County, Mississippi is a political subdivision of the State of Mississippi but would state that the Forrest County Sheriff's Department is not a suable entity and further Defendants would deny any and all remaining allegations in paragraph 6. of the Complaint filed herein.

VII.

The Defendants are without sufficient information to either admit or deny any and all allegations and averments in paragraph 7. of the Complaint filed herein therefore any and all allegations and averments therein are denied.

VIII.

The Defendants are without sufficient information to either admit or deny any and all allegations and averments in paragraph 8. of the Complaint filed herein therefore any and all allegations and averments therein are denied.

IX.

The Defendants admit paragraph 9. of the Complaint filed herein.

X.

The Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 10. of the Complaint filed herein, therefore, any and all allegations and averments in paragraph 10. of the Complaint filed herein are denied.

XI.

The Defendants deny any and all allegations and averments in paragraph 11. of the Complaint filed herein.

XII.

The Defendants deny any and all allegations and averments in paragraph 12. of the Complaint filed herein.

XIII.

The Defendants deny any and all allegations and averments in paragraph 13. of the Complaint filed herein.

XIV.

The Defendants deny any and all allegations and averments in paragraph 14. of the Complaint filed herein.

XV.

The Defendants deny any and all allegations and averments in paragraph 15. of the Complaint filed herein.

**PATTERN OF ILLEGAL CONDUCT**

XVI.

The Defendants deny any and all allegations, averments and  and averments in paragraph 16. of the  Complaint filed herein.

## XVII.

The Defendants deny any and all allegations and averments in paragraph 17. of the Complaint filed herein.

## XVIII.

The Defendants deny any and all allegations and averments in paragraph 18. of the Complaint filed herein.

## FACTUAL BACKGROUND - MARCH 27, 2011 INCIDENT

## XIX.

The Defendants are without sufficient information to either admit or deny any and all of the allegations in paragraph 19. of the Complaint filed herein, therefore any and all allegations therein are denied.

## XX.

The Defendant are without sufficient knowledge and information to either admit or deny any and all allegations and averments in paragraph 20. of the Complaint filed herein, therefore the Defendants deny any and all allegations therein.

## XXI.

The Defendants are without sufficient information to admit or deny any and all allegations and averments in paragraph 21. of the  Complaint filed herein, therefore the Defendants deny any and all allegations therein.

## XXII.

The Defendants deny any and all allegations and averments in paragraph 22. of the Complaint filed herein.

XXIII.

The Defendants deny any and all allegations and averments in paragraph 23. of the Complaint filed herein.

XXIV.

The Defendants deny any and all allegations and averments in paragraph 24. of the Complaint filed herein.

XXV.

The Defendants deny any and all allegations and averments in paragraph 25. of the Complaint filed herein and would emphatically deny that any video has been destroyed.

XXVI.

The Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 26. of the Complaint filed herein and thus would deny any and all allegations and averments in paragraph 26. of the  Complaint filed herein.

XXVII.

The Defendants deny any and all allegations and averments in paragraph 27. of  the Complaint filed herein.

XXVIII.

The Defendants deny any and all allegations and averments in paragraph 28. of the Complaint filed herein.

XXIX.

The Defendants deny any and all allegations and averments in paragraph 29. of the Complaint filed herein.

XXX.

The Defendants deny any and all allegations and averments in paragraph 30. of the Complaint filed herein.

**SUPERVISION, TRAINING, CORRECTION**

XXXI.

The Defendants are without sufficient knowledge to either admit or deny the allegations and averments directed to the Mississippi Department of Public Safety but would deny any and all allegations and averments in paragraph 31. of the Complaint filed herein directed to these answering Defendants.

XXXII.

The Defendants are without sufficient knowledge to either admit or deny the allegations and averments directed to the Mississippi Department of Public Safety but would deny any and all allegations and averments in paragraph 31. of the Complaint filed herein directed to these answering Defendants.

XXXIII.

The Defendants deny any and all allegations and averments in paragraph 33. of the Complaint filed herein.

**COUNT 1 - FEDERAL CLAIMS**

XXXIV.

The Defendants deny any and all allegations and averments in paragraph 34. of the

Complaint filed herein.

## XXXV.

The Defendants deny any and all allegations and averments in paragraph 35. of the Complaint filed herein.

## XXXVI.

The Defendants deny any and all allegations and averments in paragraph 36. of the Complaint filed herein.

## XXXVII.

The Defendants deny any and all allegations and averments in paragraph 37. of the Complaint filed herein.

The Defendants deny any and all averments in the unnumbered paragraph of the Complaint filed herein beginning with the words "**WHEREFORE**, ..." and ending with the words "as the Court deems just and equitable.

## XXXVIII.

The Defendants deny any and all allegations and averments in paragraph 38. of the Complaint filed herein.

## XXXIX.

The Defendants deny any and all allegations and averments in paragraph 39. of the Complaint filed herein.

## XL.

The Defendants deny any and all allegations and averments in paragraph 40. of the Complaint filed herein.

The Defendants deny any and all averments in the unnumbered paragraph following paragraph 40. of the Complaint filed herein beginning with the words "**WHEREFORE**, ..." and ending with the words "as the Court deems just and equitable.

### COUNT III - STATE CLAIMS - UNLAWFUL USE OF EXCESSIVE FORCE

#### XLI.

The Defendants deny any and all allegations and averments in paragraph 41. of the Complaint filed herein.

#### XLII.

The Defendants deny any and all allegations and averments in paragraph 42. of the Complaint filed herein.

#### XLIII.

The Defendants deny any and all allegations and averments in paragraph 43. of the Complaint filed herein but would admit that the Plaintiff did commit a crime.

#### XLIV.

The Defendants deny any and all allegations and averments in paragraph 44. of the Complaint filed herein.

The Defendants deny any and all averments in the unnumbered paragraph following paragraph 44. of the Complaint filed herein beginning with the words "**WHEREFORE**, ..." and ending with the words "as the Court deems just and equitable.

### COUNT IV - STATE CLAIMS - FAILURE TO ADEQUATELY TRAIN, INSTRUCT, CORRECT, DISCIPLINE, SUPERVISE, AND TRAIN POLICE OFFICERS

#### XLV.

The Defendants deny any and all allegations and averments in paragraph 45. of the Complaint filed herein.

## XLVI.

The Defendants deny any and all allegations and averments in paragraph 46. of the Complaint filed herein.

## XLVII.

The Defendants deny any and all allegations and averments in paragraph 47. of the Complaint filed herein.

The Defendants deny any and all averments in the unnumbered paragraph following paragraph 47. of the Complaint filed herein beginning with the words "**WHEREFORE**, ..." and ending with the words "as the Court deems just and equitable.

**COUNT V - STATE CLAIMS -
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

## XLVIII.

The Defendants deny any and all allegations and averments in paragraph 48. of the Complaint filed herein.

## XLIX.

The Defendants deny any and all allegations and averments in paragraph 49. of the Complaint filed herein.

## L.

The Defendants deny any and all allegations and averments in paragraph 50. of the Complaint filed herein.

The Defendants deny any and all averments in the unnumbered paragraph following

paragraph 50. of the Complaint filed herein beginning with the words "**WHEREFORE**, ..." and ending with the words "as the Court deems just and equitable.

LI.

The Defendants deny any and all allegations and averments in paragraph 51. of the Complaint filed herein.

LII.

The Defendants deny any and all allegations and averments in paragraph 52. of the Complaint filed herein.

LIII.

The Defendants deny any and all allegations and averments in paragraph 53. of the Complaint filed herein.

LIV.

**REQUEST FOR RELIEF PARAGRAPH**

The Defendants deny the allegations and averments of the unnumbered paragraph after paragraph 53. beginning with the word, "**WHEREFORE**,"  and ending with the words "the Court deems just and equitable," and demands strict proof thereof.

And now having fully answered the allegations of Plaintiff's Complaint and having denied any liability or actionable conduct whatsoever in the premises, the Defendants would set forth the following Special Affirmative Matters to be shown and proven at the trial of this matter:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972 as amended, thus

reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

## SECOND AFFIRMATIVE DEFENSE

These Defendants plead all applicable privileges  and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees or any other damages as requested in the Plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

To the extent the Complaint raises any claims under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to § 11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all exemptions from the waiver of sovereign immunity; all notice provisions; all statutes of limitations; the Defendants' right to a bench trial, to the extent applicable; and all limitations on liability contained therein.

## FOURTH AFFIRMATIVE DEFENSE

Defendants would specifically deny each and every material allegation of the Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

## FIFTH AFFIRMATIVE DEFENSE

That the damages allegedly sustained by Plaintiff are speculative and are not recoverable.

## SIXTH AFFIRMATIVE DEFENSE

That the Defendants reserve their right to seek a setoff and/or credit for any sums paid or

any other things of value given to or conferred upon Plaintiff arising out of or in any manner related or this incident, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages.  In addition or in the alternative, Defendants would affirmatively show that Plaintiff failed to mitigate her damages and Defendants are therefore entitled to all appropriate set-offs or credits, or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

That the acts or omissions of Plaintiff or third persons over whom these Defendants have no responsibility or liability in the premises constituted a superseding and sole proximate cause of the alleged incident and injuries, if any, sustained by Plaintiff.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

Defendants hereby specifically plead that Plaintiff is or may be guilty of either contributory negligence or affirmative conduct in connection with the events about which she has alleged.  To the extent events that form the subject matter of Plaintiff's  Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

That in the alternative, the acts or omissions of Plaintiff or third persons over whom these Defendants have no responsibility or liability in the premises constituted a proximate contributing cause of the alleged incident and injuries, if any, sustained by Plaintiff.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

Alternatively, Plaintiff's alleged injuries were caused, unforeseeably, by persons, forces or

entities for whom/which these Defendants are neither liable nor responsible, such being intervening superseding causes, breaking any alleged causative link to these Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants would show that the Complaint to the extent that it seeks punitive damages, exemplary damages, or attorneys' fees, costs, expenses, and costs of court, violated certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi;

It further violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi;

It violates the Fourteenth Amendment as said Amendment guarantees Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing Defendants on the basis of wealth.

To the extent Plaintiff's Complaint, with amendments, if any, seeks any award or assessment of punitive damages against Defendants, such award would be contrary to law, and would violate the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, Section 28 of the Constitution of the State of Mississippi as well as the Eighth

Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, Section 14, of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiff's claim for punitive damages of, from or against these Defendants is barred by Miss. Code Ann. Section 11-46-15 (Supp. 1993) and/or federal common law.

Also, standards, procedures and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing, of criminal defendants and to the extent that Defendants are subjected to criminal sanction through punitive damages, the burden of proof for imposing punitive damages is "beyond reasonable doubt."

## THIRTEENTH AFFIRMATIVE DEFENSE

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of Forrest County, Mississippi, or any of the other Defendants, or their related organizations or employers, which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own negligence or conduct, or was otherwise the result of unlawful, unforeseen, intervening or superseding causes over and for which these Defendants had no control or responsibility.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants specifically plead the doctrines of contributory and comparative negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution and that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These Defendants are entitled to immunity and to the extent any of its employees or officials may be joined herein, such persons would be entitled to public officials immunity, qualified immunity, and/or absolute immunity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants possess immunity to Plaintiff herein and specifically assert all rights, defenses, privileges and immunities available unto them under applicable state and federal law.  These Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting/interpretive federal or state common law.

## NINETEENTH AFFIRMATIVE DEFENSE

These Defendants assert that they cannot be held liable for damages pursuant to 42 U.S.C. § 1983 or otherwise under principles of *respondeat superior* for the actions of any other party herein or other person whose actions/omissions are complained of.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants have fulfilled any and all legal duties owed by it, it any, to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded her by the United States Constitution or applicable federal or state law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Additionally, and/or alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of these Defendants or employees of these Defendants, all of whom were engaged in operations as an arm of the State of Mississippi.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law.  Further, Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather had probable cause for all actions undertaken by it or its employees.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants specifically reserve and invoke all other rights and defenses available unto

them, including but not limited to those set forth in Rules 8(c), 12(b), 12(c) and 19 of the Federal

Rules of Civil Procedure, the Mississippi Code Annotated of 1972 (as amended), the United

States code, and/or common law, for which a good-faith legal and/or factual basis exists in its

favor.  Defendants specifically, and without limitation, plead to the extent applicable accord &

satisfaction; arbitration & award; assumption of risk; estoppel; failure of consideration; fraud;

illegality; injury by fellow servant; laches; estoppel; payment; release; res judicata; statute of

frauds; statute of limitations; and waiver.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants would further reserve the right to amend and supplement this Answer and

Defenses as discovery and investigation continue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert that the actions of Plaintiff that give rise to the allegations found in her

Complaint were illegal and her claims, therefore, should be barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that the allegations in Plaintiff's Complaint are fraudulent and/or the

result of fraud by Plaintiff and her claims, therefore, should be barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims should be barred by operation of estoppel.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendants specifically plead the Heck defense that if there is no favorable

termination of a criminal conviction or reversal of a case, a plaintiff cannot bring a 42 U.S.C.

§1983 claim because the civil case would be inconsistent with the criminal case.  Heck stands for the proposition that if you are convicted of the underlying criminal offense, then there is probable cause for the arrest and absent a reversal of the conviction, it would be inconsistent to allow a civil case to go forward in light of the criminal conviction. Heck v. Humphrey, 512 U.S. 477(1994).

## THIRTIETH AFFIRMATIVE DEFENSE

These Defendants reserve the right to raise additional affirmative defenses and/or amend these affirmative defenses in the event they deem it necessary during the course of the litigation.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Plaintiff's Complaint, Defendants respectfully request they may be dismissed from this civil action with proper costs.

WHEREFORE,  PREMISES CONSIDERED, Defendant FORREST COUNTY, respectfully requests the Court find in favor of the Defendant, dismiss the cause of Plaintiff and tax all costs in this matter to the Plaintiff and for such other general and special relief as it may be entitled to have and receive.

RESPECTFULLY SUBMITTED, this the _____10th_____ day of October  2013.

**FORREST COUNTY, MISSISSIPPI, FORREST COUNTY SHERIFF'S DEPARTMENT, FORREST COUNTY SHERIFF BILLY MCGEE, DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE, AND DEPUTY RANDALL SMITH, INDIVIDUALLY AND IN THEIR PROFESSIONAL CAPACITY AS OFFICERS OF THE FORREST COUNTY SHERIFF'S DEPARTMENT**

BY:    s/James K. Dukes, Jr.

JAMES K. DUKES, JR., ATTORNEY
FOR DEFENDANTS

JAMES K. DUKES, JR., ESQUIRE
MS STATE BAR NO. 6213
DUKES, DUKES AND WOOD
POST OFFICE BOX 2055
HATTIESBURG, MS  39403-2055
(601)  544-4121Telephone
(601) 544-4425 Facsimile
jdukesjr@jdukeslaw.com

CERTIFICATE

I, JAMES K. DUKES, JR., Attorney for the Defendants, FORREST COUNTY

MISSISSIPPI, FORREST COUNTY SHERIFF'S DEPARTMENT, FORREST COUNTY

SHERIFF BILLY MCGEE, DEPUTY MATT FINDLEY, CAPTAIN GLEN MOORE, AND

DEPUTY RANDALL SMITH INDIVIDUALLY AND IN THEIR PROFESSIONAL

CAPACITY AS OFFICERS OF THE FORREST COUNTY SHERIFF'S DEPARTMENT, do

hereby certify that on the 10th day of October, 2013, I  electronically filed the foregoing with the

Clerk of Court using the ECF system which sent notification of such filing to the following:

    Peter H. Barrett
    William C. Barrett
    Attorneys for the Plaintiff
    107 North State Street
    Jackson, MS  39201
    pbarrett@panddwbarrettlawyers.com
    wbarrett@pandwbarretttlawyers.com

    Douglas T. Miracle
    Special Assistant Attorney General
    Office of the Attorney General
    Civil Litigation Department
    Post Office Bos 220
    Jackson, MS 39205-0220
    dmira@ago.state.ms.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:


      s/ James K. Dukes, Jr.

**JAMES K. DUKES, JR.**